IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(ORLANDO DIVISION)

| | |
|---|---|
| **PAYARC LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **BAD CREDIT GO LLC** d/b/a **TRADE GUARDIAN** and **MARK ANDERSON**, <br><br> Defendants. | **COMPLAINT** <br><br> Case No. cv-22-1043 |

## COMPLAINT

Plaintiff PayArc LLC, through its undersigned counsel, files this Complaint against Defendants Bad Credit Go LLC d/b/a Trade Guardian ("Trade Guardian") and Mark Anderson ("Anderson") (collectively, "Defendants").

### Introduction

1. This is an action to recover sums of money owed to Plaintiff under an agreement (the "Credit Agreement," as defined below) with Trade Guardian and a personal guaranty (the "Personal Guaranty," as defined below) by Anderson.

2. Plaintiff is a credit card processor that serves as an intermediary between banks and merchants.

3. In the Credit Agreement, Trade Guardian agreed to reimburse Plaintiff for chargebacks and bounce fees.

4. Despite its duty to pay Plaintiff, Trade Guardian failed to pay for at least $868,691.12 in chargebacks and bounce fees.

5. In the Personal Guaranty, Anderson agreed to pay any outstanding sums owed by Trade Guardian.

6. Despite Anderson's duty to pay Plaintiff, he failed to pay for at least $868,691.12 owed by Trade Guardian.

7. To this date, Trade Guardian and Anderson have failed to fulfill their contractual obligations notwithstanding numerous demands by Plaintiff.

## Parties

8. Plaintiff is a limited liability corporation organized under the laws of Connecticut and having a principal place of business at 411 West Putnam Avenue, Suite 340, Fairfield County, Greenwich, Connecticut 06830.

9. Plaintiff's members are all domiciled outside the State of Florida.

10. Trade Guardian is a corporation organized under the laws of the State of Florida and having a principal place of business at 801 N Magnolia Avenue, Suite 106, Orange County, Orlando, Florida 32803.

11. Upon information and belief, Anderson is an individual having a domicile at 9821 Old Pantina Way, Orange County, Orlando, Florida 32832.

## Jurisdiction and Venue

12. This Court has diversity subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a).

13. Plaintiff is not a citizen of the same State as either Trade Guardian or Anderson.

14. Plaintiff seeks to recover more than $75,000.

15. This Court may exercise personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(1)(A). Trade Guardian and Anderson are subject to the courts of general jurisdiction of Florida because Trade Guardian and Anderson are citizens of Florida.

16. This Court's judicial district is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(1) because Trade Guardian and Anderson reside in this judicial district and pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, including Trade Guardian's and Anderson's failure to make payment to PayArc.

### General Allegations

17. On or around July 7, 2020, Anderson executed a merchant application ("**Merchant Application**") on behalf of Trade Guardian.

18. A true and correct copy of the Merchant Application is attached hereto as **Exhibit A**.

19. Section 4 of the Merchant Application states, "By executing this Merchant Application on behalf of the merchant described above . . . , the undersigned individual(s) represent(s), warrant(s), and acknowledge(s) that: . . . (vii) he/she has received, read, and understood[] the terms and conditions set forth at https://payarc.com/agreements/PayArc-Evolve-Terms-and-Conditions.pdf as they may be amended from time to time . . . and agrees on behalf of the Merchant to be bound by the terms of such Merchant Agreement."

20. A true and correct copy of the terms and conditions set forth at https://payarc.com/agreements/PayArc-Evolve-Terms-and-Conditions.pdf, in effect on the date that Trade Guardian executed the Merchant Application, are attached hereto as **Exhibit B** (the "Terms and Conditions") (together with the Merchant Application, the "Credit Agreement").

21. Section 5 of the Merchant Application contained a personal guaranty (the "Personal Guaranty"), and Anderson executed the Personal Guaranty.

22. Pursuant to Section 5.20 of the Terms and Conditions, Trade Guardian was obligated to maintain a valid bank account for the payment of amounts owed to PayArc.

23. The Terms and Conditions further contained a provision for a "Chargeback Reserve Account" at Section 3.5.

24. Pursuant Section 3.5 of the Terms and Conditions, PayArc was permitted to "establish . . . a non-interest bearing chargeback reserve account . . . , or demand other security or raise any discount, transaction or other fees."

25. Pursuant to the Credit Agreement, PayArc performed its obligations as a credit card processor for Trade Guardian, including by processing payments to Trade Guardian.

26. Pursuant to the Credit Agreement, PayArc established a Chargeback Reserve Account in the amount of $358,322.00 (the "Reserve").  After application of the reserve, the amount of $510,369.12 remained due and owing.

27. Despite Trade Guardian's obligations to maintain a bank account for PayArc to withdraw amounts owed to PayArc, Trade Guardian's bank account was made inaccessible to PayArc.

28. Despite demand and Trade Guardian's obligations to pay PayArc, Trade Guardian refused to make payments to PayArc.

29. In Section 4.4 of the Terms and Conditions, Trade Guardian agreed to pay PayArc's attorney's fees in connection with any collection proceeding.

30. Despite PayArc's demands that Trade Guardian perform its obligations under the Credit Agreement, Trade Guardian has failed and continues to fail to pay PayArc in full.

31. Despite PayArc's demands that Anderson perform his obligations under the Personal Guaranty, Anderson has failed and continues to fail to pay any amount to PayArc.

### **COUNT I – BREACH OF CONTRACT (TRADE GUARDIAN)**

32. Plaintiff incorporates the paragraphs as if fully restated herein.

33. The Credit Agreement is a valid contract executed by Trade Guardian.

34. Pursuant to the Credit Agreement, Trade Guardian is required to pay fees to PayArc, to maintain a valid bank account, and to maintain a Chargeback Reserve Account.

35. Trade Guardian has breached the Credit Agreement by failing to perform its obligations, including its obligations to pay fees to PayArc and to maintain a valid bank account.

36. As a result of Trade Guardian's breaches, PayArc has been harmed by Trade Guardian's conduct because PayArc has suffered and continues to suffer the loss of payments from Trade Guardian.

WHEREFORE, PayArc respectfully requests that this Honorable Court enter judgment against Trade Guardian in an amount to be determined at trial and in excess of $510,369.12 plus fees, interest, costs, attorney's fees, and such other relief which this Court deems necessary, just, and/or proper.

### **COUNT II – BREACH OF CONTRACT (ANDERSON)**

37. Plaintiff incorporates the paragraphs as if fully restated herein.

38. The Guaranty is a valid contract executed by Anderson.

39. Pursuant to the Guaranty, Anderson is obligated to pay to PayArc all sums owed by Trade Guardian.

40. Anderson has breached the Guaranty by failing to perform his obligations, including his obligations to pay fees to PayArc.

41. As a result of Anderson's breaches, PayArc has been harmed by Anderson's conduct because PayArc has suffered and continues to suffer the loss of payments from Anderson.

WHEREFORE, PayArc respectfully requests that this Honorable Court enter judgment against Anderson in an amount to be determined at trial and in excess of $510,369.12 plus fees, interest, costs, attorney's fees, and such other relief which this Court deems necessary, just, and/or proper.

Dated: June 13, 2022

Respectfully submitted,

*/s/ Matthew T. Christ*
Matthew T. Christ (FL 0119106)
Domnick Cunningham & Whalen
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, Florida 33410
Tel: (561) 625-6260
Fax: (561) 625-6269
Email: MTC@dccwlaw.com;
eservice@dcwlaw.com; TLeBel@dcwlaw.com

and,

Anthony T. Gestrich
(Special Admission application forthcoming)
Whiteford, Taylor & Preston, LLP
11 Stanwix Street, Suite 1400
Pittsburgh, Pennsylvania 15222
T: (412) 275-2400
F: (412) 567-7564
Email: AGestrich@wtplaw.com