# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PAYARC, LLC,**

        **Plaintiff,**

**v.**                                                Case No: 6:22-cv-1043-WWB-DCI

**BAD CREDIT GO, LLC and MARK ANDERSON,**

        **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Unopposed Motion for Approval of Offer of Judgment (Doc. 40)** |
| **FILED:** | May 16, 2023 |
| **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. | |

Plaintiff Payarc, LLC initiated this case against Bad Credit Go, LLC d/b/a Trade Guardian (Bad Credit Go) and Mark Anderson (Anderson) for breach of contract based on money allegedly owed to Plaintiff pursuant to a credit agreement. Doc. 1. In Count I of the Complaint, Plaintiff requests that the Court enter judgment against Bad Credit Go "in an amount to be determined at trial and in excess of $510,369.12 plus fees, interest, costs, attorney's fees, and such other relief which this Court deems necessary, just, and/or proper." *Id*. at 5. Plaintiff seeks the same relief against Anderson in Count II. *Id*. at 5. Defendant Anderson filed a Suggestion of Bankruptcy and

Notice of Automatic Stay, and the Court stayed the case pursuant to 11 U.S.C. § 362(a)(1) as to Defendant Anderson only. Doc. 39. The case is still stayed in that regard.

On April 10, 2023, the Court denied the parties' Unopposed Motion for Entry of Judgment as to Bad Credit Go. Doc. 38. The parties represented to the Court that Bad Credit Go consented to judgment against it in the amount of $580,206.68 and requested that the Court enter judgment in favor of Plaintiff and against Bad Credit Go. *Id*. The Court found that the parties failed to provide the Court with the offer, notice of acceptance, and proof of service and failed to address why relief under Federal Rule of Civil Procedure 68 was proper as Bad Credit Go is in default and did not appear to be defending against the claims in this litigation. *Id*. at 2 (Doc. 16 at 1). As such, the Court concluded that it appears that the parties settled the dispute and should file a notice of settlement or request default judgment. *Id*.

Pending before the Court is Plaintiff's Unopposed Motion for Approval of Offer of Judgment. Doc. 40 (the Motion). Plaintiff states that on May 10, 2023, Bad Credit Go served on Plaintiff an Offer of Judgment and later on the same day Plaintiff served on Bad Credit Go a Notice of Acceptance of Offer of Judgment. *Id*. at 2-3. Plaintiff requests that the Court approve the Offer of Judgment against Bad Credit Go in the amount of $580,206.68. *Id*. at 3. Plaintiff explains that on September 22, 2022, Plaintiff filed a status report and identified unresolved issues to be addressed prior to entry of default judgment including "the ongoing determination of damages." *Id*. at 4. Plaintiff states that even though Bad Credit Go failed to timely serve an answer, counsel subsequently appeared on its behalf and, "in an effort to stop the running of further costs made an offer of judgment." *Id*. at 5. Accordingly, Plaintiff moves for approval of the offer pursuant to Rule 68.

Federal Rule of Civil Procedure 68(a) provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment."

While Plaintiff has attached the Offer of Judgment, Notice of Acceptance, Proof of Service, and has at least discussed the issue of default, the Motion fails to explain why the Court's approval is necessary under Rule 68. Plaintiff cites to the requirement under Rule 68(a) that the Clerk "must then enter judgment" but provides no basis for the requested relief. That is not to say that approval is not required, but Plaintiff fails to adequately support the Motion in violation of Local Rule 3.01(a), and it is, therefore, due to be denied.

If approval is indeed necessary—a proposition the Court finds must be properly discussed and supported in accordance with Local Rule 3.01(a)—the Court notes that a sufficient legal memorandum is especially important in light of the bankruptcy stay and the possibility for inconsistent judgments. Further, while counsel appeared and Plaintiff's status report "identified unresolved issues" regarding damages, the undersigned is not convinced that Plaintiff has adequately addressed the Court's previous concern as to why relief is proper under Rule 68 given the default. *See* Doc. 38 at 2. In other words, Plaintiff mentions the default but offers no authority pursuant to Local Rule 3.01(a) on this issue or otherwise provides any citation as to why the parties should not file a notice of settlement or Plaintiff move for default judgment. In sum, the Motion is wholly inadequate.

Accordingly, Plaintiff's Motion (Doc. 40) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on June 14, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE